FILED 6 OCT '25 8:22USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**SHAUN FLECK**

Plaintiff, *Pro Se*

-vs-

**NATIONAL CREDIT UNION
ADMINISTRATION (NCUA)**
Defendant.

Case No. _3:25 -cv-1819-SB_

(to be filled in by the Clerk's Office)

Jury Trial: Yes

# COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

A. The Plaintiff(s) Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com
Telephone: 5036868589

**B. The Defendant(s) Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed**

NATIONAL CREDIT UNION ADMINISTRATION (NCUA)
1775 Duke Street
Alexandria Virginia 22314
FOIA@ncua.gov
Telephone: 703.518.6300

**II. Basis for Jurisdiction Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal**

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

**What is the basis for federal court jurisdiction? (check all that apply)**

   ✓ 'Federal question ☐Diversity of citizenship

**Fill out the paragraphs in this section that apply to this case. A. If the Basis for Jurisdiction Is a Federal Question List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.**

This action arises under the **Freedom of Information Act (FOIA), 5 U.S.C. § 552**, which grants members of the public the right to access federal agency records and imposes strict deadlines and compliance requirements on government entities. Jurisdiction is proper under the following authorities:

- **5 U.S.C. § 552(a)(6)(A)(i):** Requires federal agencies to issue a determination on FOIA requests within 20 business days.
- **5 U.S.C. § 552(a)(6)(C):** Grants the requester the right to seek judicial review when an agency fails to comply with the statutory time limits.
- **5 U.S.C. § 552(a)(4)(F):** Permits the court to assess sanctions and refer agency personnel for disciplinary action if the withholding was found to be arbitrary, capricious, or in bad faith.

Jurisdiction is also invoked pursuant to:

- **28 U.S.C. § 1331:** Federal question jurisdiction, as this case involves violations of rights established under federal law.
- **28 U.S.C. § 1346(a)(2):** Permits civil actions against the United States for claims founded upon federal statutes or regulations.
- **28 U.S.C. §§ 2201–2202:** Authorizing declaratory and injunctive relief for the enforcement of federal rights.

In addition, the **Fifth Amendment Due Process Clause** is implicated, to the extent that the agency's failure to respond obstructs the plaintiff's legal access to records materially relevant to an active federal case.

Finally, to the extent the requested records relate to agency oversight of a federally insured credit union, jurisdiction may also be supported under the **Federal Credit Union Act, 12 U.S.C. § 1751 et seq.,** which establishes the NCUA's statutory responsibilities in supervising such institutions.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**B. If the Basis for Jurisdiction Is Diversity of Citizenship**
**N/A**

**The Amount in Controversy The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because (explain):**

The plaintiff seeks $150,000 in damages resulting from the National Credit Union Administration's (NCUA) failure to respond to a lawful Freedom of Information Act (FOIA) request submitted on July 22, 2025. The defendant violated **5 U.S.C. § 552** by failing to provide a response, a determination, or a denial within the statutorily mandated timeframe. This failure has caused measurable harm, including delay in court preparation, lost business development time, and additional legal and administrative burdens incurred while attempting to compel a response. The amount in controversy exceeds $75,000.

## III. Statement of Claim

On **July 22, 2025**, the plaintiff submitted a formal Freedom of Information Act (FOIA) request to the National Credit Union Administration (NCUA) via email, seeking specific documentation and oversight records related to **Del-One Federal Credit Union**, a federally insured credit union. The request included, but was not limited to, supervisory communications, merger oversight reports, and CUSIP-linked financial reporting tied to Del-One's lending and asset securitization practices.

The underlying subject of the FOIA request centers around a **disputed vehicle loan**, on which the plaintiff still retains **active physical possession** of the vehicle in question. The lender, Del-One FCU, has refused to acknowledge lawful dispute procedures and has become the primary defendant in **active federal litigation** (U.S. District Court, District of Oregon, Case No. **3:25-cv-01048-SB**). The FOIA records sought are directly relevant to that ongoing case. This was made clear to the NCUA. This complaint is filed as a distinct and independent civil action, wholly separate from Case No. 3:25-cv-01048-SB. While certain factual matters may overlap such as the involvement of Del-One FCU in some disputes this action arises under separate legal authority and is directed solely against the defendant named herein

On **July 23, 2025**, the plaintiff provided prompt clarification of the request per FOIA protocol. On **July 24, 2025**, the NCUA acknowledged receipt and assigned FOIA Case No. **2025-FOI-293**, requesting additional clarification. The plaintiff responded that same day with all requested information.

On **August 12, 2025**, the NCUA's trial attorney **Nicholas Linn** sent a follow-up email seeking internal confirmation or clarification. The plaintiff responded **immediately**, again fulfilling all obligations under FOIA and maintaining open lines of communication.

Despite these timely responses, the NCUA failed to take any further action. No determination, denial, extension notice, or production of records was ever made **in violation of 5 U.S.C. § 552(a)(6)(A)(i)**, which requires federal agencies to issue a determination within **20 business days**. A final formal escalation email was sent on **September 1, 2025**, and no reply has been received as of **October 3, 2025**.

This failure by the NCUA to act or respond has directly obstructed the plaintiff's ability to: Conduct discovery in the ongoing federal lawsuit involving Del-One FCU; Obtain documentation necessary to prepare for key legal filings and hearings; Submit court exhibits containing verification from the agency tasked with overseeing Del-One's regulatory compliance.

The plaintiff has suffered **measurable harm**, including legal prejudice, lost time, procedural disadvantage, and mental strain all compounded by the fact that this obstruction involves an **active legal vehicle dispute** and **a regulatory body that holds jurisdiction over the financial institution** in question.

All communications and notices related to **FOIA Case No. 2025-FOI-293** are attached in **Exhibit A** (*including emails dated 07/22/2025, 07/23/2025, 07/24/2025, 08/12/2025, and 09/01/2025*).

### IV. Relief Stated briefly and precisely

The plaintiff respectfully requests that the Court grant the following relief:

1. **Compensatory damages** in the amount of $150,000 to account for time lost, procedural obstruction, emotional distress, administrative burden, and harm to ongoing litigation due to the NCUA's failure to respond to a lawful FOIA request.

2. **A court order compelling the NCUA** to immediately produce all documents responsive to FOIA Case No. 2025-FOI-293, as submitted by the plaintiff on July 22, 2025, and clarified on July 23 and 24, 2025.

3. **A judicial declaration** that the NCUA violated 5 U.S.C. § 552 by failing to issue a determination or denial within the timeframe required by federal law.

4. **Any other injunctive or equitable relief** the Court deems appropriate, including judicial oversight of NCUA FOIA compliance if necessary. including, but not limited to, an order requiring NCUA to update its FOIA request processing practices in accordance with statutory timeframes

5. **Costs**, administrative fees, and leave to proceed in forma pauperis, should the Court grant the plaintiff's IFP application.

6. **Preservation of related rights** and remedies should additional violations be discovered or further delays be incurred.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case

Date of signing: 10/04/2025

Signature of Plaintiff: _____

Printed Name of Plaintiff: _Shaun Fleck_

# EXHIBIT A

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

EXHIBIT A

## A.1

 Outlook

**FOIA Request – Legal Proceeding Disclosure Compliance (Shaun Fleck vs. Del-One Federal Credit Union)**

**From** Shaun <shaunfleck@gmail.com>
**Date** Tue 7/22/2025 7:03 PM
**To** NCUA CAC <consumerassistancecenter@ncua.gov>; foia@ncua.gov <foia@ncua.gov>
**Bcc** Shaun Fleck <MarketPulse.ai.llc@gmail.com>

To Whom It May Concern,

Pursuant to the Freedom of Information Act (5 U.S.C. § 552), I am formally requesting the release of any documentation, filings, communications, or internal correspondence submitted by or pertaining to **Del-One Federal Credit Union** in connection with its pending **merger or absorption actions**, regulatory compliance status, or responses to any regulatory oversight actions—specifically as they relate to the **National Credit Union Administration (NCUA)**'s merger approval process and disclosure obligations.

This request is made as part of a **pending federal civil case** (Shaun Fleck vs. Del-One Federal Credit Union, U.S. District Court – Oregon, Case No. 3:25-cv-01048-SB), in which the named credit union is under active litigation for violations involving credit reporting, mail handling, and regulatory suppression. The materials requested are essential to supporting pending **motions for injunctive and evidentiary relief**, and must therefore be released **promptly and in full** under the legal exception for **ongoing litigation relevance**.

**Fee Waiver Justification:**
In accordance with **5 U.S.C. § 552(a)(4)(A)(iii)**, I respectfully request a full waiver of all fees. This request:

- Is made by a pro se litigant acting in the public interest.

- Is not for commercial use.

- Directly supports judicial review, regulatory compliance, and oversight regarding a federally insured financial institution.

- Will be used in publicly filed legal documentation and has direct relevance to government integrity and transparency.

**Format and Delivery:**
Please provide responsive records in digital format via email or downloadable secure link. If this is not feasible, kindly advise of alternative options.

I affirm this request is made in good faith for legal evidentiary purposes and is fully compliant with the scope and intent of FOIA statutes.

Thank you for your cooperation and timely response. Please confirm receipt and anticipated processing time.

Sincerely,

https://outlook.office.com/mail/id/AQQkAGM4YzkwMAltYzY2ADQltOTZIZC0xMAltMDAKABAANc1%2B8OjzpE2qS9tseYEC2A%3D%3D?nativeVersio..    1/2

10/3/25. 8:16 PM                                            Mail - Shaun - Outlook

✏ **TRUST SIGNATURE BLOCK**

**Shaun Fleck**
Managing Member & Trustee
MarketPulse AI Corporate Trust
📅 Date:07/10/2025
✉ shaunfleck@gmail.com

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# EXHIBIT A

## A.2

---

**From:** FOIA@ncua.gov <FOIA@ncua.gov>
**Sent:** Wednesday, July 23, 2025 6:04 AM
**To:** shaunfleck@gmail.com <shaunfleck@gmail.com>
**Subject:** NCUA FOIA - Additional Information Needed FOIA Request #2025-FOI-293

Dear Shaun Fleck,

This email refers to your July 23, 2025 Freedom of Information Act (FOIA) request to the National Credit Union Administration (NCUA) for "Any documentation, filings, communications, or internal correspondence submitted by or pertaining to Del-One Federal Credit Union in connection with its pending merger or absorption actions, regulatory compliance status, or responses to any regulatory oversight actions—specifically as they relate to the National Credit Union Administration (NCUA)'s merger approval process and disclosure obligations."

Before your request can be considered "received" and processed under the FOIA, NCUA regulation (12 CFR 792.08) requires that certain information must be included in the request. Your request is missing the following required information:

  1. A reasonable description of the records you seek.

A FOIA request must reasonably describe the records sought. This means that NCUA staff can reasonably ascertain exactly which records are being requested and locate them with reasonable effort. Requests for "any" or "all" records are overly broad and not reasonably described, especially if the request is open-ended with no timeframe.

Please provide the required information by July 30. If no response is received by this date, NCUA will assume you no longer seek information and will take no further action on the request.

Information on how to submit a FOIA request to the NCUA, including requirements, is available at Freedom of Information Act (FOIA) Requests | NCUA.

For further assistance or to discuss your request, you may contact FOIA staff by phone at 703.518.1570 or e-mail at FOIA@ncua.gov, as well as the agency FOIA Public Liaison at the same contact points.

Thank you,

**National Credit Union Administration FOIA Processing Center**
1775 Duke Street, Alexandria, VA 22314 | www.ncua.gov
(O) 703-518-1570 | (F) 703-518-6569 | (E) FOIA@ncua.gov
**Connect with NCUA:** Follow Us | Like Us | Subscribe to Us | Connect with Us | Learn about Us

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

EXHIBIT A

## A.3

 Outlook

---

**Re: NCUA FOIA - Additional Information Needed FOIA Request #2025-FOI-293**

---

**From** Shaun <shaunfleck@gmail.com>
**Date** Wed 7/23/2025 12:14 PM
**To** FOIA@ncua.gov <FOIA@ncua.gov>

---

Dear NCUA FOIA Processing Center,

Thank you for your response dated July 23, 2025, regarding my initial FOIA request. Per your clarification under 12 CFR 792.08, please consider this my **amended FOIA request**, with a narrowed and more specific description of the records sought:

---

**FOIA Request – Specific Records Sought**

I hereby request **copies of the following documents**, submitted by or referencing **Del-One Federal Credit Union**, pertaining to its recent merger with **Louviers Federal Credit Union**:

1. **Merger Application Package** submitted by Del-One FCU, including:

    ○ Formal merger proposal

    ○ Merger agreement

    ○ Business justification and strategic impact statements

    ○ Membership disclosures

    ○ Financial condition summaries

    ○ Del-One FCU's responses to NCUA follow-up inquiries, if any

2. **NCUA internal communications or staff memoranda** referencing:

    ○ Del-One FCU's **regulatory risk profile** at the time of merger consideration

    ○ Any **risk mitigation**, litigation, or complaint disclosures submitted by Del-One FCU

    ○ Any discussion or analysis of Del-One's **pending or active legal exposure** potentially affecting merger approval

3. **Approval Documentation issued by NCUA**, including:

    ○ Final signed approval letter(s)

    ○ Conditions of approval, if any

    ○ Regulatory analysis or summary sheets prepared for board or director review

https://outlook.office.com/mail/id/AQQkAGM4YzkwMAItYzY2ADQtOTZiZC0wMAItMDAKABAAtiLFmvzqsmnQOLH%2BOE0adQ%3D%3D?nativeVersi...

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# EXHIBIT A

**Timeframe for Search**

Please restrict the search to **January 1, 2024 through July 23, 2025**, or the effective date of merger approval if later.

---

**Requester Information**

**Name:** Shaun Fleck
shaunfleck@gmail.com

---

**Notes & Clarification**

This request is made in the public interest and for the purposes of documentation and legal review pertaining to an ongoing federal civil matter in which Del-One Federal Credit Union is a named party. The information sought may have bearing on NCUA's regulatory exposure or the completeness of the record submitted by the applicant.

If any portion of this request is unclear, I respectfully request that you contact me directly to clarify rather than deny in full. If portions of the record are exempt, please release all reasonably segregable non-exempt portions per FOIA best practices.

---

Thank you for your attention. Please confirm receipt and let me know if you require any further clarification to initiate this request.

✎ **TRUST SIGNATURE BLOCK**

**Shaun Fleck**
Managing Member & Trustee
MarketPulse AI Corporate Trust
🏦 Date:07/23/2025
📧 shaunfleck@gmail.com
🔒 Parent Email: shaunfleck@marketpulseaillc.onmicrosoft.com
🌐 www.mpai.shop | www.tarbix.com | www.unshyft.com

**Entities Represented:**

**MarketPulse AI LLC**
2035 5th St, Apt 210 · Astoria, OR 97103
OR Registry #: 2321399-98
Email: marketpulse.ai.llc@gmail.com
**Tarbix Academy LLC**
2035 5th St, Apt 210 · Astoria, OR 97103
OR Registry #: 232139998
Email: tarbix.mpai.llc@gmail.com

**Unshyft Global Holdings LLC**
2035 5th St, Apt 210 · Astoria, OR 97103
OR Registry #: 242152395
Email: unshyft@marketpulseaillc.onmicrosoft.com

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# EXHIBIT A

## A.4

**From:** Linn, Nicholas <NLinn@NCUA.GOV>
**Sent:** Tuesday, August 12, 2025 7:46 AM
**To:** shaun fleck <shaunfleck@marketpulseaillc.onmicrosoft.com>
**Subject:** Information Request: Del-One Federal Credit Union

Good morning, Mr. Fleck.

The National Credit Union Administration has received your request for "documentation, filings, communications, or internal correspondence submitted by or pertaining to Del-One Federal Credit Union." I am assigned to this case within the NCUA's Office of General Counsel and will handle it going forward. You explained that your request was made in relation to pending litigation (*Shaun Fleck v. Del-One Federal Credit Union*). As such, we will process your request in accordance with 12 C.F.R. Part 792, Subpart C.

12 C.F.R. § 792.43 directs a party requesting non-public information from the NCUA to provide, at a minimum:

> **(a)** The caption of the legal proceeding, docket number, and name of the court or other authority involved.
> **(b)** A copy of the complaint or equivalent document setting forth the assertions in the case and any other pleading or document necessary to show relevance.
> **(c)** A list of categories of records sought, a detailed description of how the information sought is relevant to the issues in the legal proceeding, and a specific description of the substance of the testimony or records sought.
> **(d)** A statement as to how the need for the information outweighs the need to maintain the confidentiality of the information and outweighs the burden on the NCUA to produce

https://outlook.office.com/mail/id/AQQkAGM4YzkwMAItYzY2ADQtOTZiZC0wMAItMDAKABAAykfm4O6HR9KGSwLuLfbOdg%3D%3D?nativeVersion=...

10/3/25, 8:21 PM                                    Mail - Shaun - Outlook

the records or provide testimony.
> **(e)** A statement indicating that the information sought is not available from another source, such as a credit union's own books and records, other persons or entities, or the testimony of someone other than an NCUA employee, for example, retained experts.
> **(f)** A description of all prior decisions, orders, or pending motions in the case that bear upon the relevance of the records or testimony you want.
> **(g)** The name, address, and telephone number of counsel to each party in the case.
> **(h)** An estimate of the amount of time you anticipate that you and other parties will need with each NCUA employee for interviews, depositions, or testifying.

Please submit a request specifically identifying the information you are seeking from the NCUA in accordance with § 792.43. You may submit the request directly to me at this email address or to my attention at the physical address in my signature block.

Thank you,

**Nicholas Linn**
Trial Attorney
National Credit Union Administration
1775 Duke Street
Alexandria, VA 22314
703.548.2527 (office)

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# EXHIBIT A

## A.5

 Outlook

---

### Re: Information Request: Del-One Federal Credit Union

**From** shaun fleck <shaunfleck@marketpulseaillc.onmicrosoft.com>

**Date** Tue 8/12/2025 1:54 PM

**To**   Linn, Nicholas <NLinn@NCUA.GOV>

**Cc**   Unshyft <unshyft@marketpulseaillc.onmicrosoft.com>; Shaun <marketpulse.ai.llc@gmail.com>

📎 13 attachments (3 MB)

Gmail - Case Number 00250631(1).PDF; Gmail - Case Number 00250631 - ref_!00Dt00Gyjo.PDF; Gmail - NCUA Acknowledgment of FOIA Request #2025-FOI-293.pdf; NCUA_courtesy_notice.07.10.2025_1.pdf; NCUA_courtesy_notice.07.10.2025_2.pdf; NCUA_Email_RCL_07.2.2025.pdf; Amanda_D1_louvier_clarification.pdf; Amanda_D1_recived_louvier_notice.pdf; certified_D1 sent_07.23.2025_12.29pm.docx; Fleck - Notice of Appearance 7.23.25.pdf; Louvier_Lit_D1_R_Notice.pdf; notice of appearance email.pdf; Timeline_Lewis_Brisbois_email.pdf;

Dear Mr. Linn,

Thank you for your timely acknowledgment of my request and for outlining the procedure under 12 C.F.R. Part 792. I am writing to formally submit a request for records and internal communications related to **Del-One Federal Credit Union**, its pending merger with **Louviers Federal Credit Union**, and any regulatory awareness concerning **ongoing federal litigation: Fleck v. Del-One FCU (Case No. 3:25-cv-01048-SB)**.

Given the imminent expiration of Del-One's 21-day response deadline (08/15/2025), I respectfully request that the NCUA consider **expedited review** of this request.

As a **pro se litigant**, I have made good faith efforts to resolve these issues outside of court and have submitted complaints to both the NCUA and CFPB prior to filing suit. However, given the **lack of resolution**, **ongoing regulatory implications**, and the sensitive timing of the merger, this matter requires urgent attention to ensure that **no regulatory oversights or omissions** impact public trust or judicial integrity your prompt acknowledgment of my inquiry regarding Del-One Federal Credit Union, and for outlining the procedure under **12 C.F.R. Part 792, Subpart C**.

This formal request is submitted in accordance with **12 C.F.R. § 792.43** and is related to **Fleck v. Del-One Federal Credit Union**, currently pending in the **U.S. District Court for the District of Oregon** (Case No. **3:25-cv-01048-SB**). The case involves multiple allegations under the **FCRA, FDCPA, TILA, ECOA**, and **RICO**, and will likely expand via **joinder and amendment** to include other involved entities.

- **(a) Caption, Docket Number, and Court (attached at bottom case_file)**

  - **Caption**: Shaun Fleck v. Del-One Federal Credit Union
  - **Docket**: 3:25-cv-01048-SB
  - **Court**: United States District Court, District of Oregon (Portland Division)

- **(b) Complaint and Supporting Pleadings**

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# EXHIBIT A

- The operative complaint and case materials are attached to this email in PDF format.
- Additional certified correspondence showing pre-suit notice, settlement efforts, and regulatory warnings are available upon request.

### (c) Records Sought and Relevance

I am requesting access to the following NCUA-held materials, which may include regulatory disclosures submitted by Del-One FCU or internal communications involving the ongoing **Del-One / Louviers merger**:

1. Any **regulatory filings, merger disclosures, or litigation-related notices** submitted by Del-One FCU regarding pending lawsuits or legal risks between January 1, 2025 and the present.
2. Internal **NCUA communications or merger review memoranda** referencing Del-One Federal Credit Union or Louviers Federal Credit Union during this period.
3. Copies of any internal responses, commentaries, or investigatory notes related to the consumer complaints filed under:
   - Case No. **00250631**
   - Case No. **00252351**
4. Any materials reviewed by the **Merger Oversight Office** that were submitted after **my July 10 and July 22 emails**, including internal routing memos or case flags.

These records are **highly relevant** to the court proceeding, as they may determine:

- Whether Del-One disclosed pending federal litigation during merger approval;
- Whether regulatory officers were misled or omitted from material facts;
- Whether public accountability and regulatory standards were upheld.

### (d) Confidentiality vs. Public Need

The need for these records **outweighs any confidentiality concerns**, as this case alleges a pattern of regulatory avoidance and potential RICO violations involving public institutions. The NCUA has a duty to uphold transparency, and the merger—if allowed to proceed without full legal disclosure—could pose public risk, institutional liability, and financial harm to Louviers FCU members.

### (e) Alternative Sources

These materials **are not available through alternative sources**, as only the NCUA holds internal reviews, merger filings, and communications exchanged between departments. Del-One has failed to respond directly or provide relevant records voluntarily.

### (f) Related Judicial Motions or Orders

At this time:

- Del-One has not filed a responsive pleading.
- A **default judgment motion** may soon be filed if no appearance or filing is made before the 21-day deadline.
- Emergency injunctive relief and joinder of parties (including attorneys and credit bureaus) are under legal consideration.
- No discovery order is yet in place due to procedural posture, but will follow shortly.

### (g) Counsel Contact Info

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# EXHIBIT A

- **Plaintiff (Pro Se):**
  Shaun Fleck
  MarketPulse AI Corporate Trust
  2035 5th St Apt 210
  Astoria, OR 97103
  Email: shaunfleck@gmail.com
  Phone: [REDACTED for publication—available privately]
- **Defense Counsel:**
  As of the latest docket, Del-One is represented by **Lewis Brisbois Bisgaard & Smith LLP**, Portland, OR office.
  Notice of appearance was filed July 10, 2025, but no motion to dismiss or answer has followed.
- **Alayna L. Nicholes**
  **Partner**
  **Alayna.Nicholes@lewisbrisbois.com**
  **Alexander D. MacMullan**
  **Partner**
  **Alexander.MacMullan@lewisbrisbois.com**

- **(h) Time Estimate**

I do not currently request interviews or depositions of NCUA employees. This request pertains solely to **records**, and no in-person time will be required unless the case proceeds to subpoena or expert testimony stages. Although this could be subject to change based upon litigation needs and developments.

---

- **Supplemental Notes:**
  - I have included documentation previously sent to the NCUA and CFPB that shows evidence of certified mailings, complaint numbers, return attempts, and legal warnings.
  - A complete PDF copy of the currently filed federal case is attached for reference.
  - I am prepared to file follow-up affidavits or legal certifications upon request.

### Procedural Timeline & Merger Interference Context

To assist the NCUA in understanding the urgency and relevance of my FOIA request, I am providing the following procedural timeline snapshot:

| Event | Date | Notes |
|---|---|---|
| Constructive Notice Sent | July 7, 2025 | Sent via certified mail to Del-One FCU. Included Pretrial Scheduling Order and disclosed my intention to notify all regulators. |
| Louviers email sent followed by Notice of Appearance Filed | July 23, 2025 | Filed by Lewis Brisbois Bisgaard & Smith LLP—the same day Del-One received follow-up certified mail potentially related to my inquiry to Louviers FCU. |
| Summons Served (US Marshal) | July 25, 2025 | Confirmed receipt via PACER. This sets the formal FRCP 12(b)(6) deadline. |

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# EXHIBIT A

| | | |
|---|---|---|
| Mandatory Meet & Confer Zoom Call | August 5, 2025 | I provided the opportunity for settlement; warned that a Motion to Dismiss would increase damages. |
| Current Date | August 12, 2025 | No response has been filed. Only one day remains before the 21-day appearance-triggered deadline (Aug 13), and three days before the formal MTD Marshal Summons deadline (Aug 15). |

Notably, the **Notice of Appearance was filed just 17 minutes after Del-One opened a certified communication referencing my merger inquiry to Louviers FCU**—strongly suggesting that my inquiry triggered legal alarm within Del-One. I have documentation (timestamped email logs and USPS tracking) supporting this timeline and am prepared to share it with the NCUA.

Given that Del-One is actively engaged in a **merger with Louviers Federal Credit Union**, and that **Del-One's legal team took defensive action immediately following my outreach to Louviers**, this raises critical questions:

- **Was this litigation properly disclosed to Louviers and to the NCUA during merger proceedings?**
- **Did Del-One obstruct my communications to prevent merger interference disclosure?**
- **Has the NCUA been made aware of these proceedings through any formal disclosure by Del-One?**

This timeline forms the factual backbone of potential **Regulatory Avoidance and Merger Suppression**, and my request seeks to identify whether NCUA has been properly informed or if Del-One is withholding material litigation from a federally regulated process.

**Civil Audit Disclosure & Systemic Risk Statement**

This is not simply a request for supporting documents in an isolated case. Based on my findings, I believe the facts at hand suggest the presence of a coordinated pattern involving:

- Credit union-level procedural evasion;
- Improper credit reporting and investigation failures;
- Coordinated legal shielding through outside counsel;
- Regulatory disclosure lapses;
- And potentially broader systemic suppression of consumer redress channels.

If these patterns are validated, the harm could extend well beyond this litigation implicating millions of consumers nationwide and directly impacting institutions insured and overseen by the National Credit Union Administration (NCUA).

As a pro se litigant, I am doing everything within my power to investigate and expose what I believe may constitute a **racketeering operation tied to debt manufacturing, credit manipulation, and obstructed regulatory oversight** all of which could fall within the purview of the NCUA's insurance risk management and systemic risk functions.

Given the magnitude of these issues, and the risk to public trust in the federal credit union system, I respectfully request that the NCUA:

1. **Treat this as a matter of regulatory urgency;**
2. **Assign additional review beyond FOIA processing if warranted;**
3. **Advise if any formal whistleblower, audit, or supplemental disclosure protocols may apply;**

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# EXHIBIT A

4. **Assist in confirming whether Del-One Federal Credit Union properly disclosed this litigation as part of its pending merger with Louviers Credit Union**.

I am prepared to submit sealed supplemental documentation, including:

- Conflicting loan and account records;
- Suppressed and rerouted certified communications;
- Evidence of manipulated tradeline reporting;
- And timeline-coordinated external counsel responses following attempted merger disclosures.

These materials can be made available upon request if the NCUA deems further internal review or referral appropriate, including potential submission to the NCUA Inspector General.

At this time, no final ruling has been made by the U.S. District Court, but **amended filings and Joiner motions are in development**, and will bring these systemic issues into open federal litigation. If unresolved, this case may set significant precedent for regulatory exposure not only for Del-One, but for institutions under similar patterns of oversight failure.

---

**Good Faith Notice & Request for Cooperation**

This is a **good faith notification** and civil audit disclosure submitted pursuant to my duty to exhaust available legal and regulatory channels prior to escalation. I am not seeking publicity or retaliation only accountability, transparency, and lawful remedy.

---

**Closing Statement**

While I understand the limits of the NCUA's legal scope, I also understand the agency is federally mandated to protect the safety and soundness of credit union institutions. If a federally insured credit union is actively suppressing litigation, failing to disclose material legal proceedings, or misreporting account ownership in a way that directly affects both borrowers and regulatory transparency, then I believe that meets the threshold for your agency's review, both procedurally and reputationally.

Thank you for taking the time to evaluate this request. I am doing my best to represent this matter responsibly and professionally, and I welcome any guidance, redirection, or cooperative steps your office may provide in support of lawful transparency and fair regulatory process.

If further clarification is needed, please feel free to email me to set up a time for a phone or zoom call if necessary.

Thank you for your time and cooperation. I welcome any questions you may have.

Attached Files :
cfpb_ncua_Trust_L1_D1.docx  case_file.pdf

Sincerely,
Shaun Fleck
Managing Member & Trustee
MarketPulse AI Corporate Trust
Plaintiff, U.S. District Court – 3:25-cv-01048-SB

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

**EXHIBIT A**

## A.6

 Outlook

**FOIA #2025-FOI-293 Escalation – Merger Transparency, Procedural Conflict, and Regulatory Integrity (Fleck v. Del-One FCU, 3:25-cv-01048-SB)**

**From** shaun fleck <shaunfleck@marketpulseaillc.onmicrosoft.com>
**Date** Mon 9/1/2025 10:19 PM
**To** Linn, Nicholas <nlinn@ncua.gov>; OIG <oig@ftc.gov>; FOIA@ncua.gov" <FOIA@ncua.gov>; consumerresponse@cfpb.gov <consumerresponse@cfpb.gov>; consumerline@ftc.gov <consumerline@ftc.gov>
**Cc** Shaun <marketpulse.ai.llc@gmail.com>; AttorneyGeneral@doj.oregon.gov <AttorneyGeneral@doj.oregon.gov>; AttorneyGeneralPress@doj.oregon.gov <AttorneyGeneralPress@doj.oregon.gov>; attorney.general@delaware.gov <attorney.general@delaware.gov>

📎 6 attachments (5 MB)
18.pdf; 18-1.pdf; 18-2.pdf; Screenshot 2025-08-27 033117.png; Screenshot 2025-08-27 032529.png; Screenshot 2025-08-27 032732.png;

Dear Mr. Linn and NCUA FOIA Department,

I am writing to formally escalate **FOIA Request #2025-FOI-293**, originally acknowledged by your office on **July 24, 2025**, and amended on **August 12, 2025**, with 13 attached exhibits and CFR-compliant scope revisions. To date, I have received **no updates, no production, and no correspondence**, despite clear procedural compliance.

As a **pro se federal plaintiff** in *Fleck v. Del-One Federal Credit Union* **(Case No. 3:25-cv-01048-SB)**, currently pending in the U.S. District Court, District of Oregon, I must inform you that your silence now **mirrors the very institutional avoidance strategies under federal scrutiny** in that case.

**At this stage, I am compelled to raise the following questions:**

1. **What is the current processing status** of my request under FOIA 2025-FOI-293?
2. Have any **responsive documents been identified**, especially those involving merger approvals, litigation disclosures, or internal communications acknowledging legal risk?
3. What is the reason for the ongoing delay and has this request been routed into internal deliberation, suppression, or review due to potential regulatory conflicts?

---

**Legal and Regulatory Significance**

This is no longer a routine document request. It has material relevance to:

- **Active federal litigation** involving procedural misconduct,
- A **federally chartered institution** (Del-One FCU) under regulatory approval for a merger with Louviers FCU, and
- A pattern of **institutional silence, non-response, and suppression** across both private and regulatory parties.

'outlook.office.com/mail/id/AQQkAGM4YzkwMAItYzY2ADQtOTZiZC0wMAItMDAKABAAnHM0EcwgzEyRSiELpB2TfQ%3D%3D?nativeVersion...    1

Shaun Fleck
2035 5th St Apt 210        **EXHIBIT A**
Astoria, Oregon 97103
shaunfleck@gmail.com

ᴵᵁᴵᴶᵉᵉᴶ, ᵁ.ᵉᵉ ᵖ ᵐ                                                ᵐᵃᵘ · ᴶᵘᵃᵘᵘ · ᵁᵁᵁᵁᵁ

Your office confirmed this request had been routed to the **Office of General Counsel** due to its legal
entanglement. Yet **no explanation, deferral notice, or responsive search update has been made** in over
30 calendar days, exceeding statutory FOIA deadlines and public duty thresholds.

---

### FOIA Scope (Reiterated)

I am requesting the following:

1. **All merger-related filings** submitted by Del-One FCU from **April 1, 2025 to present**, especially
   those referencing:
   - Pending litigation,
   - Regulatory risk,
   - Consumer complaints,
   - Merger conditioning,
   - Or internal NCUA deliberation.
2. **Internal NCUA communications**, memoranda, routing notes, or risk assessments involving Del-
   One FCU, Louviers FCU, or legal exposure related to either.
3. **Any materials referencing CFPB/NCUA complaint numbers**:
   - Case No. **00250631**
   - Case No. **00252351**
4. Internal references to communications sent by me on **July 10 and July 22, 2025**, or any **flagging,
   notes, or internal routing** thereafter regarding merger risks or FOIA complications.

These documents are directly relevant to **motions to compel, amend, bifurcate, or join parties** in the
ongoing federal case.

**FTC Report No: 190899441**

### Supplemental Request: CUSIP Identification & Securitization Disclosure

In addition to the FOIA and complaint-related records outlined above, I am formally requesting
clarification on the securitization status of the vehicle loan currently under federal litigation in **Fleck v.
Del-One FCU (Case No. 3:25-cv-01048-SB)**.

### Contract Details

- **Vehicle**: 2018 Subaru WRX
- **VIN**: JF1VA1K68J9826608
- **Loan Date**: February 21, 2018
- **Originating Lender**: Del-One Federal Credit Union
- **Approximate Loan Number**: ending in *0101* (full number not provided to borrower despite
  **multiple** lawful requests)
- **Dealer**: Winner Dover 1387 LLC

### Pursuant to this request, I ask additionally for the following:

1. Has the above-referenced loan been assigned a **CUSIP number** and/or securitized in any form
   (including pooled asset-backed securities or trust instruments)?
2. If securitized:
   - What entity currently holds beneficial ownership or trustee control?
   - What filing, if any, was submitted to the NCUA or other regulatory body acknowledging this?

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# EXHIBIT A

- ○ Has this securitization been disclosed to the borrower in compliance with federal law (15 U.S.C. § 77q)?
3. Are there internal communications, merger-related disclosures, or routing memos referencing securitization status, loan pooling, or beneficial interest transfer involving this loan?
4. Was this status or the pending litigation regarding it reviewed by the Merger Oversight Division during the Del-One / Louviers FCU merger?

**Legal Basis**

Under **15 U.S.C. § 77q (Securities Fraud Provision)**, any misrepresentation or omission in the sale of a securitized instrument constitutes a potential securities violation. If the loan was bundled, securitized, or sold — and not properly disclosed — I reserve the right to refer this matter to the **SEC**, **DOJ**, and other oversight authorities.

Note: The full account number has been deliberately withheld by Del-One Federal Credit Union in both private communications and public court exhibits (see redacted eOSCAR report). I am only able to confirm the trailing digits (*0101*) and associated VIN.

---

**Conflict of Interest & Rule 11 Context**

A formal Rule 11 Safe Harbor notice was issued to opposing counsel, citing procedural contradictions that remain unresolved in the current docket. These procedural issues may become relevant if the court permits the case to proceed to discovery

The **federal docket (Dkt. 18, 18-1, 18-2)** contains direct evidence of **procedural contradictions** and **omitted disclosures** by Del-One and its legal counsel. On **August 27, 2025**, they quietly filed amended **Pro Hac Vice** motions (Dkt. 22 & 23) correcting Rule 11 violations previously flagged in my second safe harbor correspondence.

This quiet correction directly impacts **merger disclosure credibility** and casts doubt on whether Del-One was forthcoming with:

- Their litigation posture,
- Legal exposure risk,
- Or accurate representations to your agency.

The absence of any FOIA response risks signaling that the **NCUA has also failed to act upon or acknowledge these irregularities**, thereby inviting broader accountability concerns.

**Oversight Escalation Warning & Formal Regulatory Notice**

**If I do not receive a formal response, document production, or written update by 4:00 PM (PST), Thursday, September 4, 2025, I will take the following immediate actions:**

1. File a Motion to Compel under federal jurisdiction in *Fleck v. Del-One FCU*, demanding production of all relevant merger records;
2. Notify additional regulatory and legal oversight bodies, including but not limited to:
    - ○ Consumer Financial Protection Bureau (CFPB)
    - ○ Federal Trade Commission (FTC) – Office of Inspector General
    - ○ U.S. Department of Justice – Civil Rights Division & Antitrust Division
    - ○ U.S. Securities and Exchange Commission (SEC)
    - ○ Office of the Comptroller of the Currency (OCC)
    - ○ U.S. Senate and House Oversight & FOIA Committees

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

**EXHIBIT A**

- ○ State Attorneys General of Oregon and Delaware
3. Initiate a public press release with supporting federal documents, summarizing potential evidence suppression and merger opacity to:
    - ○ ProPublica
    - ○ The Intercept
    - ○ Delaware Online / USA Today Network
    - ○ Oregon Public Broadcasting (OPB)
    - ○ Consumer Reports Advocacy Division
    - ○ Other investigative journalism outlets that specialize in financial wrongdoing, FOIA accountability, and credit reporting failures.

**To be abundantly clear:**
**This escalation has little to do with a loan and everything to do with regulatory silence, procedural obstruction, and systemic misconduct.**
**Your agency's failure to acknowledge this FOIA request despite being timely, narrowed, and CFR-compliant now echoes the very allegations before a federal judge.**

**Your continued nonresponse risks:**

- Violating the Freedom of Information Act (5 U.S.C. § 552),
- Interfering with an active federal court matter (*Fleck v. Del-One*, 3:25-cv-01048-SB), and
- Becoming complicit in a broader pattern of procedural evasion and regulatory capture.

**You are now on formal public and legal notice. The record will reflect this point of inflection.**

**Legal Basis and Case Law Violations**

**Your office's continued inaction despite receipt of a narrowed FOIA request with exhibits and procedural compliance raises serious legal implications under the Freedom of Information Act (5 U.S.C. § 552) and related federal doctrines. These include:**

**1. Violation of FOIA Timeliness Requirements**

**Under 5 U.S.C. § 552(a)(6)(A)(i), an agency must respond within 20 business days. You acknowledged receipt on July 24, 2025, and no extension notice or clarification request has been issued. This constitutes a facial violation.**

*See:*

- Open America v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976)
- Judicial Watch, Inc. v. Dep't of Justice, 436 F.3d 366 (D.C. Cir. 2006) — FOIA production delays tied to litigation must be minimized or justified under strict standards.

**2. Improper Suppression of Public-Interest Information**

**Your failure to respond to a FOIA concerning an active federally regulated credit union merger while that institution is under federal procedural challenge in court suggests active suppression of material facts.**

*See:*

- Washington Post v. U.S. Dep't of Homeland Security, 459 F. Supp. 2d 61 (D.D.C. 2006) — Government must disclose information material to public interest in accountability.

tps://outlook.office.com/mail/id/AQQkAGM4YzkwMAItYzY2ADQtOTZiZC0wMAItMDAKABAAnHM0EcwqzEvRSiELoB2TfQ%3D%3D?nativeVersion...     4/

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# EXHIBIT A

- National Day Laborer Organizing Network v. U.S. Immigration and Customs Enforcement Agency, 811 F. Supp. 2d 713 (S.D.N.Y. 2011) — Agencies must provide FOIA responses in good faith, especially when tied to public-facing programs or legal risk.

### 3. Regulatory Capture & Constructive Obstruction

**Where agencies fail to act in the face of evidence of misconduct — especially during high-stakes public mergers — such behavior constitutes de facto regulatory obstruction, potentially rising to the level of government misconduct.**

*See:*

- Truax v. Raich, 239 U.S. 33 (1915) — Denial of access to governmental process may violate due process rights.
- Cummings v. Dep't of the Navy, 279 F. Supp. 3d 159 (D.D.C. 2017) — Pattern of procedural avoidance can support claims of bad faith under FOIA.

### 4. Due Process & Judicial Interference

**Your inaction interferes with an active federal court matter. These documents may determine:**

- Whether Del-One FCU disclosed active litigation to NCUA regulators;
- Whether the NCUA's merger process was informed, truthful, and complete;
- Whether federal discovery is being undermined by parallel administrative silence.

*See:*

- Rydeen v. Quigg, 748 F. Supp. 900 (D.D.C. 1990) — FOIA denials that hinder ongoing litigation are subject to heightened scrutiny.
- Baker v. General Motors Corp., 522 U.S. 222 (1998) — Improper interference with the judicial process can violate structural constitutional principles.

### Procedural Expectations and Escalation Path

To ensure this matter is resolved without further legal escalation, I am invoking the following procedural mechanisms under FOIA and federal oversight protocols:

### 1. Explicit Demand for Vaughn Index

If any documents are being withheld or redacted — in full or in part — I formally request the production of a **Vaughn Index**, as required under FOIA case law. This index must include:

- The **title or general description** of each document withheld,
- The **FOIA exemption(s)** invoked,
- And the **specific justification** for each withholding or redaction.

*See: Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973);
FOIA requires meaningful review of withheld materials, especially where government integrity is at issue.

### 2. Request for Expedited Processing

Pursuant to **5 U.S.C. § 552(a)(6)(E)**, I hereby request **expedited processing** of this FOIA request on the grounds that:

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# EXHIBIT A

- The subject matter directly relates to **an active federal court case** (Fleck v. Del-One FCU, 3:25-cv-01048-SB),
- It involves **public interest and financial regulatory integrity**, and
- Delay would risk the **loss or suppression of relevant evidence** ahead of federal discovery deadlines.

Failure to expedite this request may further implicate the agency in procedural interference with judicial oversight as more than adequate time has already passed.

### 3. Referral to FOIA Ombudsman (OGIS)

If this agency does not respond in good faith, I will refer the matter to the **Office of Government Information Services (OGIS)** for mediation and federal oversight. As Congress's designated FOIA ombudsman, OGIS is empowered to intervene when an agency's behavior may constitute undue delay or improper redaction.

---

### Relevance to Pending Federal Litigation

The requested documents are not merely informational — they are **material to federal discovery, judicial motioning, and regulatory accountability**. Specifically, they may affect:

- A potential **Joinder of federal agencies or officers** into the litigation if merger conduct was facilitated without disclosure of material risk;
- A **Motion for Judicial Notice** documenting the pattern of procedural silence;
- A **Motion for Discovery Sanctions or Rule 11 expansion** against defense counsel for attempting to suppress this same evidence;
- And a potential **referral to the Department of Justice's Civil Rights Division** if regulatory nonresponsiveness results in actionable harm or disparate impact.

You are now on notice that silence, redaction, or continued avoidance will be interpreted as **interference with a federal judicial proceeding** — not merely administrative delay.

---

### Request for Clarification

I respectfully request confirmation of the following by the above deadline:

- Estimated timeline for **partial or full production**;
- Whether responsive records have been **identified, deferred, or withheld**;
- Whether any materials contain **litigation or merger risk content** that triggered internal suppression, redaction, or General Counsel intervention.

Thank you for your attention to this serious matter. I will await your immediate response.

Case No. 3:25-cv-01048-SB
U.S. District Court – District of Oregon (Portland Division)
Attachments previously submitted: FOIA Amendment (08/12/25), Exhibits A–M, Dkt. 18, 18-1, 18-2

Respectfully,
**Shaun Fleck**
Pro Se Plaintiff

shaunfleck@gmail.com

ps://outlook.office.com/mail/id/AQQkAGM4YzkwMAltYzY2ADQtOTZIZC0wMAItMDAKABAAnHM0EcwgzEyRSiELpB2TfQ%3D%3D?nativeVersion...     6/

Shaun Fleck
2035 5th St Apt 210
Astoria, Oregon 97103
shaunfleck@gmail.com

# EXHIBIT A