IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAUN FLECK,

                  Plaintiff,

        v.

NATIONAL CREDIT UNION
ADMINISTRATION,

                  Defendant.

Case No. 3:25-cv-01819-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Shaun Fleck ("Fleck"), proceeding in forma pauperis ("IFP") and as a self-represented litigant, sued National Credit Union Administration ("NCUA") under the Freedom of Information Act ("FOIA"). Fleck sought nonpublic records regarding Del-One Federal Credit Union ("Del-One"), a federally chartered, not-for-profit credit union that he sued in this district.[1]

---

[1] Court dockets and filings are proper subjects of judicial notice. *See Luckey v. Mitchell,* No. 22-16556, 2023 WL 6389399, at *1 n.1 (9th Cir. Oct. 2, 2023) (courts dockets); *Bykov v. Rosen,* 703 F. App'x 484, 487 (9th Cir. 2017) (related cases); FED. R. EVID. 201(c)(1) (courts' own motions). Thus, the Court takes judicial notice of the docket and filings from Fleck's case against Del-One. *See Fleck v. Del-One,* No. 3:25-cv-01048-SB, 2026 WL 867599, at *1-3, *20-21 (D. Or. Mar. 30, 2026) (granting leave to amend in some respects and dismissing with prejudice incurable claims related to Fleck's loan default, outstanding balance of $31,549.73, and

PAGE 1 – OPINION AND ORDER

Fleck told NCUA that the records he requested were relevant to his pending litigation against Del-One.[2]

Within three months of filing this lawsuit, Fleck received an initial and supplemental production of nonpublic records, some of which NCUA treated as relevant to Fleck's pending lawsuit against Del-One and concerned Del-One's lien and efforts to locate and repossess Fleck's vehicle. Satisfied that NCUA completely and sufficiently responded to his request and complied with FOIA's mandate, *see Rojas v. FAA*, 989 F.3d 666, 670 (9th Cir. 2021) (en banc) (explaining that FOIA "mandates disclosure of nearly all agency records upon request, unless the records fall within one of nine exemptions" (citing 5 U.S.C. § 552(b)(1)-(9))), Fleck now seeks an order granting him declaratory relief and "monetary equitable relief" and "reimbursement" for his "time[] and expenses" and "reasonable litigation-related costs" and terminating his FOIA action against NCUA because "no further issues remain for adjudication" and he no longer "seek[s] to []litigate document sufficiency." (Pl.'s Mot. Equitable Relief & Closure ("Pl.'s Mot.") at 1-6, ECF No. 11.)

The Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.[3] *See Yagman v. Pompeo*, 868 F.3d 1075, 1078-79 (9th Cir. 2017) (identifying

---

2018 Subaru WRX, which Fleck financed and pledged as security and to which Del-One holds the title).

[2] Nicholas Linn ("Linn"), an NCUA trial attorney who reviews and responds to requests for "nonpublic NCUA information," filed a declaration in which he summarizes and attaches as exhibits the parties' post-filing correspondence. (Decl. Nicholas Linn Supp. Def.'s Resp. Pl.'s Mot. Equitable Relief & Closure ("Linn Decl.") ¶¶ 1-6 & Exs. 1-3, ECF No. 15.) Fleck also attached to his complaint the parties' pre-filing correspondence. (*See* Compl. at 6-22, ECF No. 2, attaching a cover page to Exhibit A and the parties' correspondence numbered "A.1" to "A.6").

[3] Section 552(a)(4)(B) provides that "[o]n complaint, the district court of the United States in the district in which the complainant resides . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). NCUA agrees that the Court has

PAGE 2 – OPINION AND ORDER

Section 552(a)(4)(B) as FOIA's "'jurisdiction-granting' provision"); *Elec. Priv. Info. Ctr. v. U.S. DOJ*, 18 F.4th 712, 718 n.5 (D.C. Cir. 2021) (noting that the "district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the suit presented a federal question arising under FOIA"). For the reasons explained below, the Court grants in part and denies in part Fleck's motion.

## BACKGROUND

Fleck submitted his FOIA request via email on July 22, 2025. (Linn Decl. Ex. 1 at 1; Compl. at 3-4 & Ex. A.1; *see also* Def.'s Answer ¶ 4, admitting that Fleck "filed a FOIA request dated July 22, 2025," the parties "corresponded about the FOIA request between July 22, 2025, and September 1, 2025," and NCUA did not issue a "final response" before Fleck filed this lawsuit).

The next day, July 23, 2025, NCUA's processing center emailed Fleck a tracking number and acknowledged that he requested "[a]ny documentation, filings, communications, or internal correspondence" that "pertain[ed]" to Del-One or that Del-One "submitted" on its "pending merger or absorption actions, regulatory compliance status, or responses to any regulatory oversight actions—specifically[,] . . . [NCUA's] . . . merger approval process and disclosure obligations." (Compl. at 3 & Ex. A.2; Linn Decl. Ex. 1 at 1.) NCUA's processing center, however, advised Fleck that "NCUA regulation" prevented it from processing his request as "received" because it lacked "required information," namely, a "reasonable description of the records" that he wished to obtain. (Compl. at 3 & Ex. A.2, citing 12 C.F.R. § 792.08.) NCUA's

---

jurisdiction under FOIA and Section 1331 and does not assert an exhaustion defense (Def.'s Answer ¶¶ 1-11, ECF No. 12), which is "a prudential consideration rather than a jurisdictional one[.]" *Corbett v. Transp. Sec. Admin.*, 116 F.4th 1024, 1028-31 (9th Cir. 2024) (exhaustion under FOIA).

processing center added that Fleck's "[r]equest[] for 'any' or 'all' records [was] overly broad and not reasonably described, especially [because] the request [was] open-ended with no timeframe." (*Id.* Ex. A.2.)

Later that day, July 23, 2025, Fleck submitted an "amended FOIA request" in which he attempted to cure the deficiencies that NCUA's processing center identified. (*Id.* at 3 & Ex. A.3.) Fleck added that he requested information on Del-One in the "public interest and for purposes of documentation and legal review pertaining to [his] ongoing federal civil matter [against it.]"[4] (*Id.* Ex. A.3.)

Less than three weeks later, on August 12, 2025, Linn emailed and requested additional information from Fleck because he was the lawyer in NCUA's Office of General Counsel who received Fleck's request and his "official duties" include assisting with the "review[] and respon[se] to requests for nonpublic NCUA information." (Linn Decl. ¶¶ 1-2 & Ex. 1 at 1; Compl. Ex. 3 & A.4.) Linn advised that he planned to handle Fleck's request "going forward" and process it in accordance with "12 C.F.R. Part 792, Subpart C," which is codified at 12 C.F.R.

---

[4] The relevant part of the Code of Federal Regulations ("CFR")—i.e., Title 12 (banks), Chapter VII (NCUA), Subchapter B (NCUA operations), Part 792 (FOIA requests and security procedures), Subpart C (nonpublic NCUA information)—provide that "[S]ubpart [C] applies if you want to obtain nonpublic records or testimony of an NCUA employee for legal proceedings" and "does[ not] apply to the release of records under [FOIA.]" 12 C.F.R. § 792.41; *cf. id.* § 792.49 (defining "[l]egal proceedings" as "any matter" before a federal "judicial authority" like "courts" and "involving such proceedings as lawsuits," and defining "[n]onpublic records" as "any NCUA records" that NCUA's FOIA implementing regulations "exempt from disclosure," e.g., "records created in connection with NCUA's examination and supervision of insured credit unions, including examination reports, internal memoranda, and correspondence" and "records created in connection with NCUA's enforcement and investigatory responsibilities"). Importantly, these regulations provide that "[a]nyone who discloses nonpublic records or gives testimony related to [such] records, except as expressly authorized by the NCUA or as ordered by a federal court after NCUA has had the opportunity to be heard, may face the penalties provided in 18 U.S.C. [§] 641 and other applicable laws." *Id.* § 792.41(c); *see also* 18 U.S.C. § 641 (authorizing "both" fines and imprisonment of "not more than one year" or "not more than ten years").

PAGE 4 – OPINION AND ORDER

§§ 792.40 to 792.49 and Linn identified as regulations governing production of nonpublic records and testimony. (*See* Compl. Ex. A.4; Linn Decl. Ex. 1 at 1.) Linn also advised Fleck that he must satisfy 12 C.F.R. 792.43's requirements because he was requesting such "non-public information":

> [Your written request for records or testimony must include:]
>
> (a)    The caption of the legal proceeding, docket number, and name of the court or other authority involved.
>
> (b)    A copy of the complaint or equivalent document setting forth the assertions in the case and any other pleading or document necessary to show relevance.
>
> (c)    A list of categories of records sought, a detailed description of how the information sought is relevant to the issues in the legal proceeding, and a specific description of the substance of the testimony or records sought.
>
> (d)    A statement as to how the need for the information outweighs the need to maintain the confidentiality of the information and outweighs the burden on the NCUA to produce the records or provide testimony.
>
> (e)    A statement indicating that the information sought is not available from another source, such as a credit union's own books and records, other persons or entities, or the testimony of someone other than an NCUA employee, for example, retained experts.
>
> (f)    A description of all prior decisions, orders, or pending motions in the case that bear upon the relevance of the records or testimony you want.
>
> (g)    The name, address, and telephone number of counsel to each party in the case.
>
> (h)    An estimate of the amount of time you anticipate that you and other parties will need with each NCUA employee for interviews, depositions, or testifying.

(Compl. Ex. A.4, quoting 12 C.F.R. § 792.43(a)-(h).)

That same day, August 12, 2025, Fleck emailed Linn an explanation and thirteen attachments related to his compliance with Section 792.43's requirements. (Compl. at 3 & Ex.

PAGE 5 – OPINION AND ORDER

A.5; Linn Decl. Ex. 1 at 1-2.) In doing so, Fleck amended and expanded the scope of his request by seeking merger records "submitted after [his] July 10 and July 22 emails, including internal . . . memos or case flags." (Compl. Ex. A.5; *cf. id.* Ex. A.6, reflecting that Fleck later stated that his August 12 email amounted to an amendment to his FOIA request) (simplified). Fleck also requested Linn's "expedited review" because the U.S. Marshals Service ("USM") served Del-One with his summons and complaint on July 25, 2025, and thus, he expected Del-One to file by August 15, 2025 a responsive pleading or motion asserting one of Federal Rule of Civil Procedure ("Rule") 12(b)'s seven enumerated defenses. (*See* Compl. at 3 & Ex. A.5; *see also* Linn Decl. Ex. 1 at 1-2); *cf.* FED. R. CIV. P. 12(a)(1)(A)(i), (b) (setting a twenty-one-day deadline).

Three days later, on August 15, 2025, Del-One timely moved under Rules 12(b)(2), 12(b)(6), and 12(e) to dismiss Fleck's complaint for lack of personal jurisdiction and failure to state a claim upon which relief can be granted or for a more definite statement. *See Fleck*, 2026 WL 867599, at *1-2 & n.2 (noting as much and citing Del-One's motion's docket number, ECF No. 16). Fleck's response to Del-One's motion followed on August 19, 2025, ten days earlier than the district's local rules ("LR") required. *See id.* at *2 n.3 (citing ECF No. 18); LR 7-1(e)(1) (providing that "[a] party must file and serve any response within [fourteen] days after service of the motion").

On September 1, 2025, one day before Del-One's reply deadline, *see Fleck*, 2026 WL 867599, at *2 n.3 (citing ECF No. 26), and twenty days (i.e., not twenty "business days"[5]) after

---

[5] FOIA "requires that agencies 'determine within [twenty] business days . . . whether to comply with [a member of the public's FOIA] request' and immediately notify the requester of the agency's decision." *Corbett*, 116 F.4th at 1028 (quoting 5 U.S.C. § 552(a)(6)(A)(i)); *see also* 5 U.S.C. § 552(a)(6)(A)(i) (listing "[twenty] days" but "excepting Saturdays, Sundays, and legal public holidays").

Linn's August 12 email, Fleck contacted Linn and various agencies and officials, explaining that he wished to "formally escalate" his complaints about NCUA's handling of his FOIA request, which he filed on July 22, 2025, and "amended on August 12, 2025, with [thirteen] attached exhibits and CFR-compliant scope revisions." (Compl. at 4 & Ex. A.6; Linn Decl. Ex. 1 at 2-3.) Fleck added that he wanted to do so because "[t]o date, [he] ha[d] received no updates, no production, and no correspondence, despite clear procedural compliance." (Compl. Ex. A.6) (simplified).

Once again, however, Fleck expanded on his FOIA request by seeking "supplemental" information and clarification on the "securitization status of [his] vehicle loan" and posing questions related thereto. (Compl. at 4 & Ex. A.6; *see also* Linn Decl. Ex. 1 at 2-3, noting the same). Fleck also warned that if he did not receive a response by September 4, 2025, he planned to file a motion to compel in his civil case "demanding production" of Del-One's merger records, notify other "regulatory and legal oversight bodies," and "[i]nitiate a public press release[.]" (Compl. Ex. A.6.)

On October 6, 2025, Fleck sued NCUA under FOIA because he had not received any documents or response to his "final formal escalation email." (Compl. at 4; *see also* Def.'s Answer ¶ 4, admitting that when Fleck commenced this action, he had not received a "final response" from NCUA). On December 16, 2025, after the Court grant Fleck's IFP application and Fleck and the USM served NCUA, the Court granted NCUA's unopposed motion to extend its responsive pleading deadline to January 14, 2026. (Pl.'s Proof Serv. at 1-2, ECF No. 6; Def.'s Unopposed Mot. Extension Time Resp. Pl.'s Compl. at 1-2, ECF No. 7; Minute Order, ECF No. 8.)

///

PAGE 7 – OPINION AND ORDER

Shortly before the Court granted NCUA's request for an extension of time to answer Fleck's complaint, NCUA responded to and granted in part Fleck's FOIA request "regarding his private vehicle loan," processed Fleck's request in accordance with the CFRs "related to a legal proceeding," and identified the "categories of documents" that it "declined to provide based on relevance (specifically, documents related to Del-One['s recent] merger with Louviers Federal Credit Union)." (Linn Decl. ¶ 4 & Ex. 1 at 1-6.) Fleck objected less than a week later, claiming that NCUA's production was deficient in "five general" respects. (*Id.* ¶ 5 & Ex. 2 at 1-3.)

By way of a letter dated December 23, 2025 and email dated December 31, 2025, NCUA provided Fleck with a "supplemental production" of documents and explained why certain objections that Fleck raised actually pertained to records that "did not exist" or "were not responsive" and that it agreed in "good faith" to "reproduce documents" that it previously received from Fleck, even though it disputed Fleck's assertion that it needed to do so. (*Id.* ¶ 6 & Ex. 3 at 1-6.)

Fleck's motion for equitable relief and case termination followed on January 5, 2026. (Pl.'s Mot. at 1.) After NCUA filed its response on January 20, 2026, and Fleck elected not to reply, the Court took Fleck's motion under advisement on February 6, 2026. (Def.'s Resp. Pl.'s Mot. Equitable Relief & Closure ("Def.'s Resp.") at 1-14, ECF No. 14; Minute Order, ECF No. 17.)

## DISCUSSION

Fleck seeks an order granting him up to $63,000 in "monetary equitable relief" and "reimbursement" for his "time," "expenses," and "reasonable litigation-related costs" like "economic displacement" and "diver[sion] from income-producing . . . business activity" because of "enforced litigation." (Pl.'s Mot. at 4-5) (simplified). Fleck also seeks "declaratory relief" and to terminate this FOIA action because "no further issues remain for adjudication" and

PAGE 8 – OPINION AND ORDER

he no longer "seek[s] to []litigate [the] sufficiency" of NCUA's document production. (*Id.* at 2, 5.)

## I.    APPLICABLE LAW

### A.    Available Forms of Relief

FOIA "imposes limitations on the types of relief a court may grant in a FOIA lawsuit." 1 Cornish F. Hitchcock, *Guidebook to the Freedom of Information and Privacy Acts* § 16:7 & n.1 (May 2025 update) (first citing 5 U.S.C. § 552(a)(4)(B); and then citing 5 U.S.C. § 552(a)(4)(E)(i)); *see also Ctr. for Investigative Reporting v. U.S. DOJ*, 14 F.4th 916, 931 n.5 (9th Cir. 2021) (reflecting that the Ninth Circuit has cited favorably to this FOIA guidebook).

Section 552(a)(4)(B) provides that "the district court of the United States in the district in which the complainant resides . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); *see also* LR 3-2(a)(1) (addressing divisional venue and stating that this district's Portland division encompasses Clatsop County, which is where Fleck resides). Section 552(a)(4)(E)(i) provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i).

Given the types of relief that FOIA does (and does not) explicitly authorize, courts have recognized that "[r]elief in the form of monetary damages is not available for violations of the FOIA because the FOIA only authorizes injunctive relief." *See* Hitchcock, *supra*, § 16:7 & n.9 (simplified) (citing *Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1100 n.9 (9th Cir. 2016)); *cf. Hajro*, 811 F.3d at 1100 n.9 (stating that "FOIA does not mandate money damages" (quoting *Clark v. United States*, 116 F. App'x 278, 279 (Fed. Cir. 2004) (referencing Section 552(a)(4)(B))).

PAGE 9 – OPINION AND ORDER

Ordinarily, there is "no relief to provide when an agency establishes that it has released the responsive records in full to the requester," but the D.C. Circuit and other courts have "held that a court may grant equitable relief if it finds in an exceptional case that the agency maintains an unlawful FOIA 'policy or practice' threatening to impair the requester's ability to obtain records in the future, if the policy or practice is capable of repetition and likely to evade judicial review."[6] Hitchcock, *supra*, § 16:7 & n.13 (simplified) (first quoting *Payne Enters., Inc. v. United States*, 837 F.2d 486, 490-92 (D.C. Cir. 1988); and then citing *Nightingale v. U.S. Citizenship & Immigr. Servs.*, 507 F. Supp. 3d 1193, 1207, 1212 (N.D. Cal. 2020), *appeal dismissed*, No. 21-15288, 2021 WL 3674656, at *1 (9th Cir. July 30, 2021)). In conflict with other courts' judgments, the D.C. Circuit has also "distinguished equitable relief from a declaratory judgment, holding that a declaratory judgment would constitute an advisory opinion that courts lack the jurisdiction to issue." *Id.* § 16:7 & nn.14-15 (simplified) (first citing *Payne*, 837 F.2d at 491; and then citing *Or. Nat. Desert Ass'n v. Gutierrez*, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006)).

### B.      Ancillary Jurisdiction

"[A] federal court retains ancillary jurisdiction over attorneys' fees [and costs] disputes collateral to the underlying litigation." *Law Offs. of Bruce Altschuld v. Wilson*, 632 F. App'x 321, 322 (9th Cir. 2015) (first citing *Fed. Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir. 2004); and then citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)). That is because a federal district court's "ancillary jurisdiction exists even after the underlying

---

[6] Fleck does not appear to advance any "policy or practice" claim or argument invoking this exception to the mootness doctrine. (*See* Pl.'s Mot. at 1-5.) Given the Court's findings and the facts and procedural history that it describes herein, Fleck appears incapable of pursuing a non-frivolous "policy or practice" theory.

PAGE 10 – OPINION AND ORDER

litigation has concluded." *Id.* (citing *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 968 (9th Cir. 2014)).

In *Carter v. Veterans Administration*, 780 F.2d 1479, 1481 (9th Cir. 1986), for example, the Ninth Circuit held that a self-represented plaintiff's "request for attorney's fees and costs was not mooted by [an agency's] belated compliance with the FOIA[, because such issues were] . . . ancillary to the underlying action and survive independently under [a federal] court's equitable jurisdiction." *Id.* at 1481 (simplified). Although the Ninth Circuit proceeded to the issue of attorney's fees and held that self-represented litigants may not recover attorney's fees under FOIA, the Ninth Circuit remanded for the district court to evaluate whether to award the plaintiff costs:

> An award of costs to a pro se litigant who has prevailed presents a different question because it would represent funds actually expended. This, too, is an issue of first impression in this circuit. Th[e sister] circuits [that have similarly held] that the FOIA does not permit a pro se litigant to recover attorney's fees have [also] held that a pro se litigant may, as a prevailing party, recover all costs reasonably incurred. *See*, *e.g.*, *DeBold v. Stimson*, 735 F.2d 1037, 1043 (7th Cir. 1984); *Clarkson v. IRS*, 678 F.2d 1368, 1371 (11th Cir. 1982); *Cunningham v. FBI*, 664 F.2d 383, 387 n.4 (3d Cir. 1981). . . . [The plaintiff's] suit was filed December 9, 1983. The agency did not furnish the requested documents until February 16, 1984. Costs incurred before the case became moot are recoverable, unless the district court discretionarily determines that an award of costs would be inappropriate. The case should be remanded for consideration of this question.

*Id.* at 1481-82.

## II.    ANALYSIS

The Court finds that the facts of this case counsel against the available remedies that Fleck seeks. *See infra* at 3-8 & nn.4-5 (describing criminal penalties for releasing nonpublic NCUA information without authorization, times when Fleck acted prematurely or contributed to NCUA's delayed processing of his developing FOIA request, and NCUA's willingness to reproduce documents that Fleck submitted to it, even though it disputed that it was required to do

PAGE 11 – OPINION AND ORDER

so); (*cf.* Pl.'s Mot. at 2, 4, characterizing the Court's discretion as "broad" and requesting in the alternative relief that the Court "finds reasonable and proportionate under the circumstances" and sufficient to "prevent" comparable delays in the future but also acknowledging that Fleck elected to limit the relief that he requested because of NCUA's "post-suit cooperation, completion of supplemental production, and willingness to conclude th[is] matter without further litigation," which "materially narrowed the scope and duration of this action").

The Court, however, does find that termination of Fleck's FOIA action is warranted here. Accordingly, the Court grants in part and denies in part Fleck's motion and terminates this FOIA action.

### A.    Fleck's Requests for Relief

Fleck represents that he does not seek attorney's fees, "punitive relief," or "traditional damages" like "tort" or "emotional distress damages."[7] (Compl. at 2, 4) (simplified). Instead, Fleck maintains that he seeks only "equitable reimbursement" for "reasonable litigation-related" "costs and expenses" like travel, printing, copying, mailings, "document preparation," "indexing," "record-organizing," and, perhaps most notably, lost "time" and "diver[sion] from income-producing . . . business activity necessitated by litigation" because of NCUA's delayed production. (*Id.* at 2-5; *cf.* Compl. at 4, setting forth Fleck's prayer for relief, including "costs[,

---

[7] It is well settled that self-represented litigants are not entitled to attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991) ("The [federal c]ircuits are in agreement . . . on the proposition that a pro se litigant who is *not* a lawyer is *not* entitled to attorney's fees. [The self-represented plaintiff] does not disagree with these cases, . . . and we are also satisfied that they were correctly decided.") (simplified); *see also Upton v. Fakhoury*, No. 19-55811, 2022 WL 213442, at *2 (9th Cir. Jan. 24, 2022) (holding that "[t]he district court properly denied [the self-represented plaintiff's] motion for attorney's fees" (citing *Kay*, 499 U.S. at 435)); *Garity v. Brennan*, 845 F. App'x 664, 665 (9th Cir. 2021) (determining that "[t]he district court properly denied [the self-represented plaintiff's] request for attorney's fees because "[p]ro se plaintiffs . . . are not entitled to attorney's fees" (quoting *Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007))).

i.e.,] administrative fees[] and leave to proceed [IFP],” and $150,000 in “compensatory damages” for “time lost, procedural obstruction, emotional distress, emotional burden, and harm to ongoing litigation due to the NCUA’s failure [timely] to respond to [his] . . . FOIA request”) (simplified).

Similar to his operative complaint, Fleck also appears to suggest that he is entitled to the relief above because NCUA’s delayed production of documents deprived him of “access to information during the early stages of proceedings involving [Del-One and] the same underlying credit reporting and [car] loan servicing conduct, [which] contribut[ed] to prolonged motion practice and compound[ed] the burden imposed by [NCUA’s delayed] []compliance.” (Pl.’s Mot. at 3.)

### B.    Unavailable Forms of Relief

#### 1.    Litigation Harm

Fleck fails to cite any authority suggesting that FOIA authorizes relief in the form of harm to a complainant’s ongoing litigation against a third party and the Court has not located any such authority.

Even if that were not the case, however, the facts that the Court describes in this opinion (and its earlier decision dismissing Fleck’s complaint against Del-One) demonstrate that NCUA’s conduct did not have (and could not have had) any meaningful impact on Fleck’s case against Del-One or the manner in which the parties are or were proceeding. *See Fleck*, 2026 WL 867599, at *4 (explaining that Fleck seeks “Del-One’s release of his vehicle’s title, and ‘deletion’ of the Del-One [charge-off] ‘tradelines’ on his credit report, which the credit reporting agencies and Del-One determined are accurate” and quoting exhibits that Fleck attached to his complaint in support); (*cf.* Linn Decl. Ex. 1 at 5, informing Fleck that in a letter dated July 2, 2025, Del-One advised the U.S. Consumer Financial Protection Bureau, which received a complaint from Fleck

PAGE 13 – OPINION AND ORDER

about his car loan and credit reporting dispute, that it had placed Fleck's outstanding loan balance of $31,549.73 in a "charged off status" after Fleck failed to comply with a July 2020 "amended agreement" and loan payment plan, its "reporting to credit bureaus regarding the status of the loan has been accurate," it holds a lien and title to Fleck's 2018 Subaru WRX, it has attempted to contact Fleck and locate Fleck's vehicle, and it "intend[s] to pursue all legal means necessary to recover its interest in [Fleck's] vehicle loan").

### 2.    Monetary Damages and Self-Representation

Contrary to Fleck's suggestion, FOIA does not authorize "reimbursement" or recovery of "monetary equitable relief" for Fleck's time serving as his own counsel, his company's lost profits, or any "economic displacement resulting from" this case and the extent to which it "diverted [his time] from income-producing . . . business activity," which appear to be the bases for seeking an "award" in an amount "up to and including $63,000." (Compl. at 3-5) (simplified).

Fleck's requested relief effectively seeks compensation for his time acting as his own lawyer, which, as discussed above, *see supra* note 7, self-represented litigants are not entitled to recover. *Cf. Blanchard*, 509 F.3d at 936-38 (noting that the self-represented plaintiff requested "damages to compensate her for lost income . . . [that] she experienced during her ultimately successful efforts to obtain benefits for her son under the Individuals with Disabilities Education Act," holding that the plaintiff was "not entitled to the[se] damages," and explaining that the plaintiff's "claim for lost profits essentially [sought] compensation for acting as her own lawyer").

Nor may Fleck recover monetary damages or "monetary equitable relief" because FOIA does not authorize such relief. *See* 5 U.S.C. § 552(a)(4)(B) (providing that a "district court of the United States in the district in which the complainant resides . . . has jurisdiction to enjoin the

PAGE 14 – OPINION AND ORDER

agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant"). NCUA makes the same point. (*See* Def.'s Resp. at 8, noting that Fleck "seeks $63,000 in damages to compensate him for . . . economic displacement" but "[c]ourts in the Ninth Circuit have recognized that money damages are not allowed under FOIA" (first citing *O'Toole v. IRS*, 52 F. App'x 961, 962 (9th Cir. 2002); then citing *Gasparutti v. United States*, 22 F. Supp. 2d 1114, 1116-17 (C.D. Cal. 1998); and then citing *Choong v. U.S. Customs & Border Prot.*, No. 2:24-cv-02173, 2025 WL 240803, at *2 (D. Nev. Jan. 16, 2025))); *see also Dunne v. United States*, No. 18-cv-05484, 2019 WL 1048239, at *4 (N.D. Cal. Mar. 5, 2019) (same); *Eleson v. Tippen*, No. 2:14-cv-02019, 2017 WL 2535458, at *1 n.1 (E.D. Cal. June 12, 2017) (same); *Dunn v. Haag*, No. 16-cv-00792, 2017 WL 818863, at *3 (N.D. Cal. Mar. 2, 2017) ("Even if [the self-represented p]laintiff's claim were not moot, . . . [he] seeks $600,000 in monetary damages, which are not recoverable by a FOIA claim.") (simplified), *appeal dismissed*, No. 17-15510, 2017 WL 4216889, at *1 (9th Cir. Aug. 5, 2017) (reinstating the appeal, reviewing the record and the plaintiff's delayed response to an order to show cause, and electing to dismiss the plaintiff's appeal as frivolous under the federal IFP statute).

Decisions from other circuits are in accord. *See Pondexter v. Sec'y U.S. Dep't of Housing & Urban Dev.*, 788 F. App'x 93, 96 (3d Cir. 2019) (per curiam) (affirming the district court's dismissal of the self-represented plaintiff's FOIA claims and explaining, among other things, that the plaintiff "sought only money damages, which are not available under FOIA" (first citing *Conucopia Inst. v. USDA*, 560 F.3d 673, 675 n.1 (7th Cir. 2009); and then citing *Johnson v. City of Shorewood*, 360 F.3d 810, 816 (8th Cir. 2004))); *Kaplan v. Ebert*, 648 F. App'x 177, 179-80 & n.3 (3d Cir. 2016) (per curiam) ("[The self-represented plaintiff's] FOIA claims were not

cognizable[.] . . . Money damages—the relief that [the plaintiff] sought here—are not available under FOIA." (first citing *Conucopia*, 560 F.3d at 675 n.1; and then citing *Johnson*, 360 F.3d at 816)); *see also Conucopia*, 560 F.3d at 675 n.1 (explaining that the plaintiffs were "not entitled to monetary damages for violations of FOIA because . . . [Section] 552(a)(4)(B) authorizes only injunctive relief" (first citing *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993) (per curiam); then citing *Eltayib v. U.S. Coast Guard*, 53 F. App'x 127 (D.C. Cir. 2002) (per curiam); and then citing *King v. Califano*, 471 F. Supp. 180, 181 (D.D.C. 1979))).

For these reasons, money damages and compensation for alleged harm to ongoing litigation are not remedies available to Fleck under FOIA. As a result, the Court's analysis and resolution of Fleck's motion turns on NCUA's invocation of the doctrine of mootness and whether Fleck is entitled to available forms of relief under FOIA (i.e., injunctive relief, a declaratory judgment, or litigation-related costs, which is ancillary to Fleck's underlying action). (*See* Def.'s Resp. at 7-13, turning to costs and mootness after addressing unauthorized relief under FOIA).

## C.    Available Forms of Relief

NCUA "concedes" that it failed timely to respond to Fleck's FOIA request. (Def.'s Resp. at 12.) NCUA, however, argues that on balance, the factors that courts consider in evaluating whether to award costs do not support such an award. (*Id.* at 8-12.) NCUA also argues that Fleck's request for a declaration that it violated FOIA is moot. (*Id.* at 13, citing *Payne*, 837 F.2d at 491.)

### 1.    Injunctive Relief

FOIA "authorizes injunctive relief." Hitchcock, *supra*, § 16:7 & n.16 (collecting cases). Fleck no longer appears to seek injunctive relief. (*See* Pl.'s Mot. at 1-6; *cf.* Compl. at 4, seeking an order compelling NCUA's production of documents responsive to Fleck's FOIA request and

PAGE 16 – OPINION AND ORDER

"[a]ny other injunctive . . . relief" that the Court deemed necessary to achieve NCUA's compliance) (simplified). Even if that were not the case, the Ninth Circuit has held that injunctive relief is moot under these circumstances. *See Carter*, 780 F.2d at 1481 (finding a request for injunctive relief moot because of an agency's voluntary "belated compliance"); *cf. Rouse v. U.S. Dep't of State*, 567 F.3d 408, 414 n.4 (9th Cir. 2009) (finding that claims under the Privacy Act were "moot" because the plaintiff "concede[d] that he received a copy of his full embassy file," explaining that "[w]hen a party . . . has already received a copy of the requested records, [courts] cannot afford him any further relief," and adding that "[o]ther courts have held that dismissal for mootness is appropriate in such circumstances, even where the records were not delivered in a timely fashion, . . . and [the Ninth Circuit has] so held in the analogous FOIA context" (simplified) (citing *Carter*, 780 F.2d at 1481)).

### 2.    Declaratory Judgment

Anticipating NCUA's invocation of the mootness doctrine, Fleck makes a passing reference in his motion to NCUA's "[p]ost-litigation production" failing to "moot equitable claims arising from delay" and argues that a delay only "confirms that litigation was necessary." (Pl.'s Mot. at 3.) Fleck did not file a reply addressing the authorities upon which NCUA relied in its opposition.

Fleck describes his requested "declaratory relief" as either a court declaration that NCUA violated FOIA's mandate or that NCUA's failure timely to respond to his FOIA request "necessitated judicial intervention" and his "filing of this action." (Pl.'s Mot. at 2, 4; Compl. at 4.) The Court agrees with NCUA that under these circumstances, Fleck's request for declaratory relief is moot.

In *Ecological Rights Foundation v. EPA*, No. 22-15936, 2023 WL 4342100, at *1 (9th Cir. July 5, 2023), the plaintiff sought "declaratory and injunctive relief on the ground that [the

PAGE 17 – OPINION AND ORDER

withholding agency] ha[d] a pattern or practice of FOIA violations." *Id.* In affirming the district court's grant of summary judgment in the agency's favor, the Ninth Circuit noted that Section 552(a)(4)(b) "permits courts to grant prospective equitable relief." *Id.* at *3 (citing *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 935 F.3d 858, 871 & n.13 (9th Cir. 2019)). Significantly, however, the Ninth Circuit explained that although the plaintiff "sought a declaratory judgment that [the agency] violated FOIA's deadlines in responding to its request in th[at] case[,] . . . a claim that [an agency] violated FOIA's deadlines [in] responding to a specific request is mooted by the production of documents." *Id.* at *4 (citing *Hajro*, 811 F.3d at 1103). The Ninth Circuit added that the "district court did not abuse its discretion by declining to issue th[e requested] declaration." *Id.* In so finding, the Ninth Circuit recounted how the "district court concluded that there was 'no indication that [the agency] deliberately caused needless delay,' as '[the agency and plaintiff] engaged in frequent discussions' regarding how to best respond to [the plaintiff's] comprehensive FOIA request." *Id.* The Ninth Circuit found this explanation "sufficient to demonstrate that the court considered [the] claims of delay and properly exercised its discretion." *Id.*

Here, too, the record before the Court suggests that NCUA engaged in good faith with Fleck before and after he commenced this litigation. Nothing in the record or relevant timeline (in particular, when NCUA requested and received information necessary to disclose nonpublic information, amendments, supplements, clarifications, and a copy of Fleck's summons and complaint) suggests that NCUA deliberately caused needless delay. Nor does the record suggest that NCUA has engaged in any objectionable pattern or practice of violating FOIA's mandate.

For these reasons, the Court finds Fleck's request for declaratory relief moot and declines to issue the declarations that Fleck described in his complaint and pending motion. *See Libarov v.*

PAGE 18 – OPINION AND ORDER

*ICE,* 138 F.4th 1010, 1018 (7th Cir. 2025) ("[The plaintiff] has not argued, let alone offered evidence, that he is likely to make additional FOIA requests and be subject to delayed responses. He also concedes that [the agency's] search for responsive documents . . . was adequate. These facts . . . put [t]his case outside the 'pattern and practice' exception[.] . . . Accordingly, [the plaintiff] is not entitled to a declaratory judgment against [the agency] for delayed FOIA responses." (citing *Hajro,* 811 F.3d at 1102)); *see also Comptel v. FCC,* 945 F. Supp. 2d 48, 61 (D.D.C. 2013) ("'[A] declaration that an agency's initial refusal to disclose requested information was unlawful, after the agency made that information available, would constitute an advisory opinion in contravention of Article III of the Constitution.' . . . 'A party whose FOIA request has been satisfied, however, may seek declaratory relief if an 'agency policy or practice will impair the party's lawful access to information in the future.'" (quoting *COMPTEL v. FCC,* 910 F. Supp. 2d 100, 112-13 (D.D.C. 2012), which quoted *Payne,* 837 F.2d at 491)).

## 3.    Costs

The Court turns to the remaining ancillary issue of costs. (*See* Pl.'s Mot. at 2-6, seeking "costs"). Under FOIA, "court[s] may assess . . . litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). FOIA identifies two ways in which a complainant can "substantially prevail[]": (1) "a judicial order, or an enforceable written agreement or consent decree," or, alternatively, (2) "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.* § 552(a)(4)(E)(ii).

The Court agrees with NCUA that Fleck does not satisfy either option. (Def.'s Resp. at 9, addressing these prongs). The Court also agrees with NCUA that the record (1) suggests that Fleck agreed with NCUA's "nonpublic" characterization of information that he requested and description of the regulations that he was required to satisfy, and (2) does not support Fleck's

PAGE 19 – OPINION AND ORDER

conclusory statement that his request advanced any meaningful "public interest," as opposed to a personal interest in a vehicle and Del-One's lien on and continued holding of the title to that vehicle and efforts to locate and repossess it. Fleck neither disputes nor presents any argument or explanation to the contrary.[8] Based on these facts, the Court "discretionarily determines that an award of costs would be inappropriate." *Carter*, 780 F.2d at 1482 ("Costs incurred before the case became moot are recoverable, unless the district court discretionarily determines that an award of costs would be inappropriate.").

### 4.      Termination

Setting aside the Court's ancillary determination as to whether Fleck is entitled to any costs, the only available relief that Fleck seeks under FOIA is a declaratory judgment, which is moot. Accordingly, the Court grants Fleck's motion to terminate this case without prejudice. *See Johnson v. Kotek*, No. 22-35624, 2024 WL 747022, at *1 (9th Cir. Feb. 23, 2024) ("The district court . . . dismissed these claims (even ones that it found to be moot) with prejudice. Under [Ninth Circuit precedent], that was error. We therefore vacate the district court's judgment dismissing with prejudice [the p]laintiffs' claims for injunctive and declaratory relief and remand with instructions to dismiss these claims without prejudice as moot.") (simplified).

///

///

///

///

///

---

[8] In any event, the Court granted Fleck's application to proceed IFP and he was not required to pay the filing fee or service costs, and Fleck has not submitted receipts for any other reimbursable costs.

PAGE 20 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court GRANTS IN PART and DENIES IN PART Fleck's

Motion for Equitable Relief and Case Closure (ECF No. 11) and terminates this action without

prejudice.

**IT IS SO ORDERED.**

DATED this 28th day of April, 2026.

_Stacie F. Beckerman_
HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 21 – OPINION AND ORDER